UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM MORA,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

MEMORANDUM AND ORDER

12-cv-2953 (CBA)

AMON, Chief Judge:

*Pro se* petitioner William Mora brings the instant *pro se* motion challenging his 1996 conviction and sentence entered in this Court. Since Petitioner has already filed a prior motion under 28 U.S.C. § 2255 ("§ 2255") challenging the same conviction, this Court cannot consider the instant petition. The petition is hereby transferred to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631.

## BACKGROUND

Petitioner was convicted of forty-two counts of a lengthy indictment, including charges of murder, racketeering, arson, and narcotics trafficking and distribution, among others, and his sentence was entered on August 27, 1996. *United States v. Mora et al.*, No. 94-cr-729 (CPS), D.E. #511 (E.D.N.Y. Aug. 27, 1996). He appealed each of his convictions to the United States Court of Appeals for the Second Circuit, which affirmed all but one of the convictions on June 8, 1998. *United States v. Mora*, 152 F.3d 921, 1998 WL 398802 (2d Cir.), *cert. denied*, 525 U.S. 940 (1998).

On October 14, 1999, petitioner filed a motion to vacate his conviction and sentence in Criminal Case No. 94-cr-729 pursuant to § 2255, which the Court denied on October 15, 2001. *Mora v. United States*, No. 99-cv-6539 (CPS), Slip Op. (E.D.N.Y. Oct. 15, 2001). On July 25, 2002, the Second Circuit denied petitioner's application for a certificate of appealability and

dismissed his appeal. No. 99-cv-6539 (CPS), D.E.#33, Issued as Mandate, No. 01-2774 (2d Cir. Jul. 25, 2002). Thereafter, petitioner filed an application for a writ of *audita querela*, or, in the alternative, a writ of error *coram nobis*, which the Court denied on January 6, 2009. *Mora v. United States*, No. 94-cr-729 (CPS), 2009 WL 36779 (E.D.N.Y.), *aff'd*, 358 Fed. Appx. 223, 2009 WL 4912174 (2d Cir. 2009). Petitioner filed the instant motion to vacate his conviction and sentence in Criminal Case No. 94-cv-729 pursuant to § 2255 on June 11, 2012. He asserts that he is entitled to resentencing on the basis of a new rule of law.

## DISCUSSION

Title 28, Section 2255 of the United States Code provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The section contains several gatekeeping provisions, including strict requirements for bringing successive petitions.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, only the Court of Appeals, and not the District Court, may certify whether a second or successive petition "presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Accordingly, in the interest of justice, the Clerk of Court shall transfer this motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996) (*per curiam*). This order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, he shall move to reopen under this docket number.

The Order to Show Cause dated June 18, 2012, D.E. #3, is hereby vacated.

SO ORDERED.

/S/

CAROL BAGLEY AMON
Chief United States District Judge

Dated: Brooklyn, New York
      June 30, 2012